UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

YESNIEL JULIO
BASTIDA MENDOZA,

Petitioner,

v.

No. 1:26-CV-455-H

MARKWAYNE MULLIN, et al.,

Respondents.

**ORDER**

In September 2020, Yesniel Julio Bastida Mendoza, a citizen of Cuba, illegally entered the United States near Santa Teresa, New Mexico.[1] At that time, ICE placed him into removal proceedings and issued him a Notice to Appear. Dkt. No. 1-3 at 1. Bastida Mendoza was subsequently paroled into the country. *See* Dkt. No. 1 at 6; Dkt. 1-3 at 1.

Later, the Department of Homeland Security (DHS) moved to terminate removal proceedings against Bastida Mendoza, which an immigration judge granted without prejudice on July 26, 2023. *See* Dkt. No. 1-3 at 10. On August 9, 2026, Bastida Mendoza was arrested by local law enforcement in Amarillo. Dkt. No. 1 at 25. DHS reinitiated removal proceedings, and Bastida Mendoza was subsequently transferred to ICE custody

[1] Bastida Mendoza's petition for habeas corpus says that he "entered the United States on or about September 17, 2024." Dkt. No. 1 at 2. The record contradicts this assertion, so the Court construes the given date as a typographical error on the part of Bastida Mendoza's counsel. After all, in other parts of his petition, Bastida Mendoza indicates that he entered the country in September 2020. *See id.* at 6 ("Mr. Bastida first came into DHS custody in September 2020."). Additionally, on September 7, 2020, immigration officials issued Bastida Mendoza a Notice to Appear, charging him with "arriv[ing] in the United States" and "not then [being] admitted or paroled after inspection," and with removability as an alien who "is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA], and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under [the INA]." Dkt. No. 1-3 at 1; *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I).

for the pendency of those proceedings under Section 1225(b)(2)(A) of the Immigration and Nationality Act. *See* Dkt. No. 1 at 7.

Before the Court is Bastida Mendoza's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA, the Due Process Clause of the Fifth Amendment, and the *Accardi* doctrine. *Id.* at 13–26.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is in the Court's discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Bastida Mendoza's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2104747 (5th Cir. July 21, 2026).[2] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60. And the

[2] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez v. Ortega*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 180 F.4th 702 (5th Cir. 2026), *vacated*, 181 F.4th 608 (5th Cir. 2026) (mem.) (en banc). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- An alien's prior release on parole under 8 U.S.C. § 1182(d)(5)(A) does not permit him to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

- *Accardi* claims, including *Accardi* claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *5–6 (N.D. Tex. Apr. 13, 2026).

Bastida Mendoza's arguments are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because it appears from the face of the petition that Bastida Mendoza is not entitled to relief, the Court denies the petition (Dkt. No. 1).[3]

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on October 6, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

[3] To the extent Bastida Mendoza alleges that he is detained in violation of the Cuban Adjustment Act, he has presented that argument to the wrong court. *Rodriguez-Hidalgo v. Noem*, 4:25-CV-5730, Dkt. No. 16, at 4 (S.D. Tex. Jan. 9, 2026) (Eskridge, J.) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." (internal quotation marks omitted) (quoting *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976))).